## MUNICIPIO DE ARECIBO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE ARECIBO, recurrido.

Núm. 1016.—*Sometido:* Febrero 1, 1938. *Resuelto:* Febrero 11, 1938.

*Luis Mercader,* abogado del recurrente;

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El título posesorio de una parcela de terreno fué inscrito a nombre de Manuel Lugo, sin perjuicio de tercero de mejor derecho. En 1928 Lugo y su esposa vendieron la propiedad al Municipio de Arecibo. En noviembre de 1937 el municipio solicitó que a virtud de la escritura de Lugo y su esposa la propiedad fuera inscrita a nombre suyo como dueño absoluto, a tenor de las disposiciones del inciso 6 del artículo 2 de la Ley Hipotecaria y de los artículos 31 y 33 del reglamento para su ejecución. El registrador se negó a cumplir con esta súplica debido al carácter posesorio del título que de Lugo había inscrito y por no haberse cumplido con los requisitos

de la sección primera de la ley aprobada el 7 de julio de 1923 (Leyes de ese año, pág. 217).

El artículo 2 de la Ley Hipotecaria dispone que se inscribirán "los títulos de adquisición de los bienes inmuebles y derechos reales que posean o administren el estado o las corporaciones civiles o eclesiásticas con sujeción a lo establecido en las leyes o reglamentos."

Los artículos 31 y 33 del reglamento leen así:

"Artículo 31.—Los bienes inmuebles y los derechos reales que poseen o administran el estado y las corporaciones civiles, se inscribirán desde luego en los registros de la propiedad de los partidos en que radiquen."

"Artículo 33.—Siempre que exista título escrito de la propiedad del estado o de la corporación en los bienes que deben ser inscritos, con arreglo al artículo 31, se presentará en el registro respectivo y se exigirá en su virtud una inscripción de dominio a favor del que resulte dueño, la cual deberá verificarse, si fuere procedente, con sujeción a las reglas establecidas para las inscripciones de los particulares."

Ninguno de estos artículos requiere del registrador de la propiedad que inscriba como título de dominio una escritura de enajenación otorgada por un vendedor que sólo tiene a su favor un título posesorio. Lugo no podía ceder al municipio y el municipio no podía obtener de éste ningún otro título o un título mejor que el que él tenía.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.